IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BUDDY JONES                                                                                               PLAINTIFF

v.                                              No. 2:16-CV-02015

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY                                                                                DEFENDANT

**OPINION AND ORDER**

Before the Court are Defendant St. Paul Fire and Marine Insurance Company's ("St. Paul") motion for summary judgment (Doc. 11), statement of facts (Doc. 12), and brief in support (Doc. 13), as well as Plaintiff Buddy Jones's ("Officer Jones") response (Doc. 16), brief in support (Doc. 17), and response to the statement of facts (Doc. 18). With leave of Court, Officer Jones also filed supplemental responses (Docs. 21, 22, and 23). St. Paul filed a reply (Doc. 24), and the matter is ripe for consideration. For the reasons stated herein, St. Paul's motion will be granted.

**I.     Background**

On December 31, 2004, Officer Jones of the Fort Smith Police Department was injured by uninsured motorist Michael Jones[1] when Officer Jones attempted to arrest Michael Jones. That day, Officer Jones had been driving his patrol vehicle in search of Michael Jones. While on patrol, Officer Jones encountered an occupied vehicle in a parking lot and pulled his patrol vehicle alongside it. Officer Jones began to suspect that Michael Jones was driving the now suspect vehicle. The passengers in the suspect vehicle alerted Michael Jones that Officer Jones knew it was Michael Jones driving the suspect vehicle. Michael Jones reversed the suspect vehicle and drew away from Officer Jones's patrol vehicle. Officer Jones exited his patrol vehicle and

---

[1] Michael Jones is not related to Officer Jones.

1

approached the suspect vehicle on foot. He intended to arrest Michael Jones and return with him to the patrol vehicle. Michael Jones put the suspect vehicle in forward gear and began driving. Officer Jones wound up on the hood of the suspect vehicle, eventually fell from the suspect vehicle to the ground, and was severely injured.

At the time Officer Jones was injured, patrol vehicles used by the Fort Smith Police Department were insured under a policy issued to the City of Fort Smith by St. Paul. The policy included coverage for some injuries caused by uninsured motorists. On December 19, 2013, St. Paul denied a claim Officer Jones made on the policy. On November 23, 2015, Officer Jones filed this lawsuit in the Circuit Court of Sebastian County, Arkansas. On January 29, 2016, St. Paul removed the lawsuit to this Court. On August 26, 2016, St. Paul filed the instant motion for summary judgment.

In support of its motion for summary judgment, St. Paul argues that Officer Jones is not entitled to coverage under the uninsured motorist provisions of an insurance policy St. Paul issued to the City of Fort Smith at the time of the injury because Officer Jones did not provide timely notice of his claim to St. Paul and because he is not a protected person under the policy. Officer Jones responds that there are genuine disputes of material fact with respect to whether St. Paul received timely notice[2] and whether Officer Jones is a protected person. Resolution of either of these issues in favor of St. Paul entitles St. Paul to judgment. Because the Court finds that Officer Jones was not a protected person under the policy, this opinion does not address the arguments concerning the timeliness of notice.

## II.    Analysis

---

[2] Timeliness of notice is the issue that necessitated Officer Jones's additional discovery and briefing on this motion.

When a party moves for summary judgment, it must establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66–67 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Only facts "that might affect the outcome of the suit under the governing law" need be considered. *Anderson*, 477 U.S. at 248. "[T]he non-movant must make a sufficient showing on every essential element of its claim on which it bears the burden of proof." *P.H. v. Sch. Dist. of Kan. City, Mo.*, 265 F.3d 653, 658 (8th Cir. 2001) (quotation omitted). Facts asserted by the nonmoving party "must be properly supported by the record," in which case those "facts and the inferences to be drawn from them [are viewed] in the light most favorable to the nonmoving party." *Id.* at 656–57.

"The construction and legal effect of written contracts [including insurance policies] are matters to be determined by the court, not by the jury, except when the meaning of the language depends upon disputed extrinsic evidence." *Southall v. Farm Bureau Mut. Ins. Co. of Ark.*, 632 S.W.2d 420, 421 (Ark. 1982). The insurance policy[3] at issue here provides benefits for injuries caused by uninsured motorists and sustained by protected persons in covered autos. The policy is issued to the City of Fort Smith, which under the policy is a "[p]artnership, limited liability company, corporation, or other organization." (Doc. 23-2, p. 18). For partnerships, limited

---

[3] For purposes of analyzing the policy language, the Court uses the policy excerpts provided by Officer Jones in support of his supplemental responses. (Doc. 23-2).

3

liability companies, corporations, or other organizations, "protected persons" are defined as "[a]nyone in a covered auto or temporary substitute for a covered auto; and [a]nyone entitled to collect damages for bodily injury to another protected person." (*Id.* (bullets omitted)). Officer Jones argues that he is a protected person under the policy. There is no dispute that Officer Jones's patrol vehicle is a "covered auto" and that Michael Jones's vehicle is not a "covered auto." The policy defines the phrase "in an auto or in a covered auto or in a temporary substitute for a covered auto" to include being "on the auto or getting in, out, or off of it." (*Id.*). Officer Jones was not in, on, getting in, getting out, or getting off his patrol vehicle. The express terms of the policy do not cover this accident.

Under operation of Arkansas law, however, the uninsured motorist policy must also extend coverage to Officer Jones if he was "using" his patrol vehicle at the time of the accident. Ark. Code Ann. § 23-89-403(a)(1); *Tate v. Paul Revere Fire Ins. Co.*, 216 S.W.2d 385, 386 (Ark. 1949) (holding uninsured motorist statute must be read into indemnity policies); *First Sec. Bank of Searcy v. Doe*, 760 S.W.2d 863, 866 (Ark. 1988) (holding that pursuant to uninsured motorist statute, policy with terms limiting uninsured motorist coverage to those "occupying" a covered vehicle must be read to extend uninsured motorist coverage to the "user" of a covered vehicle). The parties' briefs recognize that whether Officer Jones was "using" his patrol vehicle at the time of the accident is the question that will resolve whether he was a protected person under the policy. (Doc. 13, pp. 18–23; Doc. 17, p. 10; Doc. 24, pp. 6–7). There is no genuine factual dispute as to what Officer Jones was actually doing at the time he sustained injuries from an uninsured motorist. Because the essential facts are undisputed, resolution of the question of whether Officer Jones was using his patrol vehicle presents a matter of law for the Court to decide.

"Use" of a vehicle (as read into the policy pursuant to statute) "is inherently ambiguous,

and must therefore be construed broadly to include all proper uses of a vehicle." *Hisaw v. State Farm Mut. Auto. Ins. Co.*, 122 S.W.3d 1, 8 (Ark. 2003)[4] (basing its holding on and quoting at length the analytical factors set out in *Georgeson v. Fidelity & Guar. Ins. Co.*, 48 F.Supp.2d 1262 (D. Mont. 1998)). In determining whether Officer Jones's injury arose out of his use of his patrol vehicle, and following the Arkansas Supreme Court, this Court will use the analytical factors set out in *Georgeson*.

> The meaning of the term "use", as contemplated in an automobile liability policy, has been the subject of extensive litigation. Courts generally agree that the term "use" is inherently ambiguous, and must therefore be construed broadly to include all proper uses of a vehicle. *Farmers Ins. Exch. v. Tibi*, 20 M.F.R. 96, 104–105 (D. Mont. 1995), *citing*, Appleman, Insurance Law and Practice, § 4316 (1979); *Union Mut. Fire Ins. Co. v. Commercial Union Ins. Co.*, 521 A.2d 308, 310 (Me. 1987). Premised upon this liberal construction, courts have held that an injury arises out of the use of a [sic] insured vehicle, for insurance purposes, if it is shown that some causal connection exists between the liability-causing event and a proper use of the vehicle. *Id.* at 105, *citing*, *Watson v. Watson*, 326 So.2d 48, 49 (Fla. App. 1976); *Annotation*, *Automobile Liability Insurance: What are Accidents or Injuries "Arising out of Ownership, Maintenance, or Use" of Insured Vehicle*, 15 A.L.R. 4th 10 (1982).
>
> Whether an accident is caused by the use of a vehicle must be determined on a case-by-case basis. *Bredemeier v. Farmers Ins. Exch.*, 950 P.2d 616, 617 (Colo. App. 1997). "An injury arises out of the use of a vehicle within the provisions of an automobile insurance policy when a causal connection is reasonably apparent between the use to which the vehicle is being put and the resulting injury." *Id., quoting,* G. Couch, *Cyclopedia of Insurance Law* § 45:56 (R. Anderson 2d ed. 1981). To prove causation under such circumstances, a plaintiff need only show that the injury originated in, grew out of, or flowed from the use of a vehicle, not that the vehicle itself was the source of the injury. Thus, the vehicle need only be integrally related to the claimant's activities and the injury at the time of the accident. *Id.*, *citing*, *Aetna Cas. & Sur. Co. v. McMichael*, 906 P.2d 92 (Colo.

---

[4] Although useful for its statement of analytical factors, *Hisaw* is distinguishable from the instant case. There, the "use" language was expressly included in the uninsured motorist policy, and at issue was whether the injury arose out of use of the uninsured motorist's vehicle, which caused an injury to a first responder some disputed length of time after the vehicle had been in an accident. *Hisaw*, 122 S.W.3d at 7. Here, the essential facts are undisputed and the issue is Officer Jones's use of the patrol vehicle. "Nonetheless, the 'originated in, grew out of, or flowed from' requirement [in *Hisaw*] is informative." *O'Neal v. Fid. and Guar. Ins. Co.*, No. 06-CV-184-TCK-PJC, 2007 WL 1747146, *3 n.6 (N.D. Okla. June 14, 2007).

> 1995). The causal requirement is more than "but-for" causation, but less than legal, proximate cause. *See*, *Hawkeye–Security Ins. Co.*, 124 Idaho 953, 866 P.2d 976, 980 (1994) ("It is not enough to say that 'but for' the use of the automobile, the injury would not have occurred."); *Barry v. Ill. Farmers Ins. Co.*, 386 N.W.2d 299, 301 (Minn. App. 1986) ("[A] causal connection is less than proximate cause and is established if the injury is a natural and reasonable consequence of the use of the vehicle."); *Kolkin v. Am. Family Ins. Co.*, 347 N.W.2d 538, 540 (Minn. App. 1984) (explaining "'causal connection' is less than proximate cause but more than the vehicle being the 'mere situs' of the injury").

*Georgeson*, 48 F. Supp. 2d at 1266–67.

Informed by this discussion, the Court finds that this is not a case where the injuries Officer Jones sustained "originated in, grew out of, or flowed from" his use of his patrol vehicle. Rather, his vehicle was the "mere situs" of the injuries. This is most apparent when one considers the role Officer Jones's patrol vehicle played—or rather, did not play—in the accident. The patrol vehicle's presence at the time of the accident had no relation to the accident at all, let alone an integral one. This is not a case where the patrol vehicle was being used as a roadblock and an uninsured motorist approaching that roadblock lost control of his vehicle, which then struck a police officer. *Cf. Oberkramer v. Reliance Ins. Co.*, 650 S.W.2d 300 (Mo. App. 1983). This is not a case where an officer was struck by an uninsured motorist while returning on foot to a patrol vehicle being used to block a lane of traffic to protect an accident scene along a state road. *Cf. Argonaut Ins. Co. v. Jones*, 953 N.E.2d 608 (Ct. App. Ind. 2011). This is not a case where an officer parked a police vehicle in an intersection with malfunctioning traffic signals, turned on the warning lights, exited the vehicle to direct traffic, and was struck by an uninsured motorist in the intersection. *Cf. Maring v. Hartford Cas. Ins. Co.*, 484 S.E.2d 417 (Ct. App. N.C. 1997). This is not a case where the patrol vehicle was being used at the time of the injury in any manner related to the injury.

Officer Jones exited the patrol vehicle and approached the suspect vehicle on foot. Officer

6

Jones ceased using his patrol vehicle in order to engage in the conduct that was integrally related to the accident. That he used his patrol car to bring him to the place he was injured and that he intended to use his patrol vehicle again in the very near future did not bring his patrol vehicle into an integral relationship with the accident. In this way the instant case is borderline indistinguishable from the police cruiser in *Insurance Company of North America v. Perry*, 134 S.E.2d 418 (Va. 1964), in which a police officer was determined to not be "using" his vehicle when he was struck and killed by an uninsured motorist after he exited his vehicle to go serve a warrant. In both that case and the instant case the officers had ceased to use their vehicles when the accident occurred.

Because Officer Jones was not using his patrol vehicle at the time of his injuries, those injuries are not covered under the uninsured motorist policy. Because the injuries are not covered, St. Paul is entitled to judgment as a matter of law.

IT IS THEREFORE ORDERED that Defendant St. Paul Fire and Marine Insurance Company's motion for summary judgment (Doc. 11) is GRANTED and this case is DISMISSED WITH PREJUDICE.

Judgment will be entered separately.

IT IS SO ORDERED this 26th day of October, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE